

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
SUFFOLK REGIONAL OFFICE

March 12, 2026

Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, N.Y. 11722

    Re:    **Children's Health Defense, et al v. McDonald**
            Docket No.: #: 2:25-cv-6877 (Azrack, J.) (Shields, M.J.)

Dear Judge Azrack:

    I represent Defendant in the above-captioned suit, and I write in response to DE 25, Plaintiffs' letter regarding purportedly intervening Supreme Court authority, Mirabelli v. Bonta, 2026 U.S. LEXIS 1192 (Mar. 2, 2026). Contrary to Plaintiffs' claims, Mirabelli does not require the application of strict scrutiny to vaccination requirements like those set forth in P.H.L. § 2164.

    In Mirabelli, the Supreme Court vacated a Ninth Circuit order that stayed, pending appeal, a district court's permanent injunction of policies that "prevent schools from telling [parents] about their children's efforts to engage in gender transitioning at school unless the children consent to parental notification." Id. at *1. The Court concluded that the challenged policies were likely subject to strict scrutiny under the Free Exercise Clause because they "substantially interfere with the 'right of parents to guide the religious development of their children'" and "'impos[e] the kind of burden on religious exercise that *Yoder* found unacceptable.'" Id. at *5 (quoting Mahmoud v. Taylor, 606 U.S. 522, 550, 559 (2025)).

    Mirabelli's terse language on plaintiffs' likelihood of success does not disturb the Supreme Court's longstanding decisions viewing vaccination requirements differently. In Employment Division, Department of Human Resources of Oregon v. Smith, the Court specifically recognized "compulsory vaccination laws" as laws that do not require religious exemptions under the First Amendment. 494 U.S. 872, 889 (1990). And in Wisconsin v. Yoder, the Court expressly distinguished the vaccination requirement upheld in Jacobson v. Massachusetts, 197 U.S. 11 (1905), from the challenged compulsory education statute at issue. 406 U.S. 205, 230 & n.20 (1972).

    The distinct features of vaccination requirements also counsel against an overbroad reading of Mirabelli's discussion of the gender-transition policies at issue there. *First*, while those policies implicate the mental health of individual children, vaccination requirements have a broader public health purpose and effect: protecting the health of other schoolchildren and their wider communities from the spread of indisputably dangerous diseases. *Second*, the school policies at issue in Mirabelli, in the Court's view, not only served as a form of indoctrination

contrary to parents' religious beliefs, but concealed from parents the very existence of developments critical to their children's well-being. Vaccination requirements do no such thing; and Mirabelli, therefore, does not require the application of strict scrutiny to § 2164.[1]

Plaintiffs' own characterization of Mirabelli likewise demonstrates why it has no bearing on the substantive due process claim presented here either. In this respect, Plaintiffs observe that the policy at issue in Mirabelli deprived parents of the "ability to participate in significant decisions affecting a child's mental health and development," "conceal[ing] information about a child's condition and facilitat[ing] consequential decisions affecting the child while excluding parents from participation." See DE 25. Section 2164, in contrast, presents no similar circumstances; as children are not being vaccinated in secret, against their parents' will. Cf. Goe v. Zucker, 43 F.4th 19, 30–31 (2d Cir. 2022) ("Plaintiffs' assertion of rights is overstated. The State is not forcing any child to be vaccinated against her parents' will."). Instead, because Plaintiffs alone retain the ability to decide whether or not to vaccinate their children, Mirabelli has no impact on Plaintiffs' substantive due process claim.

Mirabelli presents no change in law concerning irreparable harm either, as any such showing is still contingent on Plaintiffs' establishment of a constitutional violation; and here, no such violation has been shown for the reasons discussed at length in Defendant's prior papers.

Finally, with respect to Raphael Goe, Defendant notes that despite Plaintiffs' contestations, the New York State Department of Health has no involvement in reviewing and approving/denying applications for medical exemptions made by students attending school within New York City. Instead, such applications are handled by New York City's Office of School Health, pursuant to the NYC Department of Education's Regulations of the Chancellor No. A-701 § III(D).

Should the Court desire, Defendant would be happy to further brief the issues presented in this letter. Barring any such request, however, Defendant again thanks the Court for its courtesies, and looks forward to the resolution of this action.

Respectfully,

*Robert E. Morelli*

Assistant Attorney General

CC: Counsel of Record via ECF

---

[1] Mirabelli also does not compel the application of strict scrutiny for the same reasons Mahmoud does not; as unless and until the Second Circuit proclaims otherwise, § 2164 remains constitutional for the reasons set forth in the myriad number of other decisions rejecting the arguments Plaintiffs make here. See DE 20, p.14–16.