UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

---------------------------------------------------------------------X
CHILDREN'S HEALTH DEFENSE, et al.,

Plaintiff,

-against-

DR. JAMES V. MCDONALD, in his official capacity as Commissioner of Health of the State of New York,

Defendant.
---------------------------------------------------------------------X

**MEMORANDUM & ORDER**
25-CV-6877 (JMA) (AYS)

FILED
CLERK
8/20/2026 2:43 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Children's Health Defense ("CHD") and 7 pseudonymous parents of 9 pseudonymous minor children ("Individual Plaintiffs," and collectively with CHD, "Plaintiffs") brought this action against James McDonald, the Commissioner of Health of the State of New York ("Defendant"), claiming New York's compulsory immunization law, Public Health Law section 2164, is unconstitutional as applied to their children. (ECF No. 1.) Before the Court is Plaintiffs' request for a preliminary injunction barring Defendant from enforcing section 2164 as against two of the minor children named in the Complaint, Betsy Roe and Raphael Goe.[1] (ECF No. 11 ("Mot.").) In light of the Second Circuit's recent decision in Miller v. McDonald, Plaintiffs cannot demonstrate a likelihood of success on the merits. 180 F.4th 420, 423 (2d Cir. 2026) ("Miller II"). Accordingly, the Court denies the motion for a preliminary injunction.

---

[1] In a letter submitted to the Court after the filing of their preliminary injunction motion, Plaintiffs note that Raphael was subsequently granted a medical exemption from vaccination through December 31, 2026, allowing him to temporarily remain in school. (ECF No. 25 at 3.) This medical exemption may not moot the relief sought in the preliminary injunction motion concerning Raphael because that exemption remained subject to rescission. However, although Plaintiffs do not address this in any supplemental submission to the Court, the Court notes that, since the filing of the motion, Raphael has turned eighteen. (See Compl. ¶ 150 (stating Raphael was age seventeen as of the filing of the Complaint on 12/15/2025); id. ¶ 175 (stating Raphael's birthday).) Because the vaccination requirement in section 2164 applies only to children under eighteen, (see id. ¶ 30), Raphael is no longer subject to it. Therefore, the motion is moot as to Raphael.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008); see also JHT Tax, LLC v. Agnant, 62 F.4th 658, 667 (2d Cir. 2023) (same). "If there is no likelihood of success on the merits, a preliminary injunction cannot issue." Doe v. McDonald, et al., No. 26-cv-4176, 2026 WL 2005977, at *1 (S.D.N.Y. July 10, 2026) (citing A.H. by and through Hester v. French, 985 F.3d 165, 176 (2d Cir. 2021); see United Spinal Ass'n v. Bd. of Elections in City of New York, No. 10-cv-5653, 2010 WL 11571116, at *2 (S.D.N.Y. Oct. 28, 2010) ("A preliminary injunction, therefore, may only issue upon a 'clear or substantial showing of a likelihood of success on the merits.'") (citation omitted).

Plaintiffs challenge New York Public Health Law section 2164 on the basis that it violates the First Amendment's Free Exercise clause, the substantive due process right of parents to direct their children's religious upbringing recognized in Mahmoud v. Taylor, 606 U.S. 522 (2025), and the Equal Protection Clause. (See ECF No. 11-1 at 9 ("Pl. Mem.").) In Miller II, which was decided while Plaintiffs' preliminary injunction motion was pending, the Second Circuit rejected a very similar challenge brought by members of the Amish community.[2] The plaintiffs in Miller II included three Amish community schools fined for violating section 2164 by enrolling unvaccinated children based on their parents' "sincerely held religious beliefs." They claimed that the law violated Amish parents' free exercise rights and their right direct the religious upbringing of their children as recognized in Wisconsin v. Yoder, 406 U.S. 205 (1972). In Miller II, the Second Circuit rejected those arguments, holding "(1) that § 2164 was a neutral law of general

[2] Section 2164, enacted in 2019, repealed New York's prior religious exemption to its immunization requirements. N.Y. Pub. Health Law § 2164(1); see id. § 2164(9) (repealed 2019). In the first iteration of the Miller litigation, the Second Circuit upheld that repeal against Free Exercise and parental-rights challenges. The Supreme Court subsequently vacated that judgment and remanded the case for reconsideration in light of its decision in Mahmoud v. Taylor, 606 U.S. 522 (2025). See Miller v. McDonald, 130 F.4th 258 (2d Cir.) ("Miller I"), cert. granted, judgment vacated, 146 S. Ct. 879 (2025).

applicability . . . and (2) that § 2164 did not violate the parental free-exercise right recognized in Mahmoud because if it imposed any burden on that right at all, it was not 'of the same character' as the burden in Wisconsin v. Yoder, 406 U.S. 205 (1972), a case on which Mahmoud relied." Doe, 2026 WL 2005977, at *2 (quoting Miller II at 429, 432)). Miller II is controlling here and forecloses Plaintiffs from demonstrating a likelihood of success on the merits of their Free Exercise and Mahmoud claims. See Hayden AI Techs., Inc. v. Safe Fleet Holdings LLC, No. 23-cv-3471, 2024 WL 1018589, at *9 (E.D.N.Y. Mar. 9, 2024) ("Because [plaintiff] has not shown a reasonable likelihood of success on the merits as to either of the two asserted claims, it cannot obtain a preliminary injunction.").

The Court finds further support for this conclusion in a recent Southern District decision applying Miller II. In Doe v. McDonald, et al., Judge Karas denied preliminary injunctive relief to a similarly situated plaintiff challenging § 2164 on the same grounds, reasoning that "in light of recent precedent within this Circuit, plaintiff has virtually no chance of success on the merits of her Free Exercise or Mahmoud claims." Doe, 2026 WL 2005977, at *2. The Doe plaintiff subsequently appealed that decision and then sought an injunction pending appeal from the Second Circuit, which denied that request. Doe v. McDonald, M.D., No. 26-1912 (2d Cir. Aug. 11, 2026) (quotation marks and citation omitted).

In a supplemental letter submitted to this Court after the Miller II decision, Plaintiffs argue that Miller II's holding that section 2164 was a neutral law of general applicability rested on a materially different factual record. (See ECF No. 32 at 3.) They contend that the record here "shows individualized discretion in operation," pointing to "shifting outcomes" and "child-specific grants, revocations, denials, and reversals" in the issuance of medical exemptions for the children named in the Complaint. (Id.) Plaintiffs also identify purported "secular exceptions not considered in Miller II," such as the law's inapplicability to children over eighteen and the alleged

disparity between Betsy and her older sister, who is over 18 and able to remain in school unvaccinated. These arguments do not materially distinguish this case from Miller II or undermine Miller II's conclusion that the law is neutral and generally applicable. The plaintiffs in Miller II advanced arguments that section 2164 was not generally applicable because it treated medical exemptions more favorably than religious objections and gave officials too much discretion in granting those exemptions, allowing them to do so arbitrarily and discriminatorily. Miller II, 180 F.4th at 430–431. The Second Circuit rejected those arguments, and its conclusion that section 2164 is generally applicable necessarily considered the statute as a whole, including the age-based limitation.[3]

Plaintiffs also argue that the Miller II court did not adequately address the Supreme Court's recent decision in Mirabelli v. Bonta and the full scope of that case's impact on the parents' substantive-due-process claim. 607 U.S. 492 (2026) (per curiam); (see ECF No. 32 at 3–4.) That argument also fails. As the Miller II court concluded, because Mirabelli involved "school officials concealing from parents a matter central to their child's identity and upbringing, and thus displacing the parents' role in it . . . [and] Section 2164 does neither," Mirabelli is not applicable here. Miller II, 2026 WL 1871521, at *9; see also Perry v. Marteney, 172 F.4th 315, 327 (4th Cir. 2026) (concluding that Mirabelli was distinguishable because "[i]t was a preliminary action that did not involve a public health measure," and instead "dealt with whether schools could facilitate children's efforts to identify as the opposite gender without notifying their parents").

Finally, Plaintiffs' Equal Protection claim also fails. (See Pl. Mem. at 22–24 (arguing that § 2164 violates Equal Protection by permitting secular exemptions to vaccination while "categorically denying any exemption grounded in sincere religious belief").) As Judge Karas

[3] In Doe, the plaintiff raised similar challenges, including arguments about the mandate's inapplicability to children over 18. (See, e.g., Mem. in Supp. of Pl.'s Appl. for TRO & Prelim. Inj. at 14, Doe, No. 26-cv-4176, ECF No. 23.) Judge Karas, however, still found that the plaintiff in Doe did not show a likelihood of success. This Court agrees.

persuasively concluded in Doe, "[w]hile Miller II did not address the Equal Protection Clause, its holdings largely resolve this claim, too." 2026 WL 2005977, at *4; see id. (explaining that "Miller II rejected the argument that § 2164 had any discriminatory purpose . . . and Plaintiff has not argued the law is applied in a different way to religious or nonreligious children."). "Plaintiffs challenging . . . facially neutral laws on equal protection grounds bear the burden of making out a prima facie case of discriminatory purpose," Pyke v. Cuomo, 567 F.3d 74, 78 (2d Cir. 2009), "or showing the law is "applied in a discriminatory fashion," Hayden v. Cnty. of Nassau, 180 F.3d 42, 48 (2d Cir. 1999). Plaintiffs have done neither here. They offer no new evidence suggesting the law was enacted with a discriminatory motive or is discriminatorily applied. Instead, they merely repeat the same arguments they made challenging the law's general applicability, which the Second Circuit rejected. See Miller II, 2026 WL 1871521, at *4 (concluding that "New York Public Health Law § 2164 is neutral on its face . . . The law simply applies New York's school immunization requirements to all schoolchildren who do not qualify for the law's medical exemption."). Accordingly, Plaintiffs are not likely to succeed on their Equal Protection claim.

In sum, because Plaintiffs have not shown a likelihood of success on the merits in light of Miller II, the Court denies Plaintiffs' request for a preliminary injunction. The Clerk of Court is directed to terminate ECF No. 11.

**SO ORDERED.**

Dated: August 20, 2026
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE